IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES FIDELITY and GUARANTY COMPANY,

Plaintiff,

v.

CESAR I. DÍAZ MATOS et al.,

Defendants, Third-Party Plaintiffs

v.

FEDERACIÓN DE ALCALDES DE PUERTO RICO, INC.,

Third Party Defendant

CIVIL 05-1851 (PG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case concerns performance under a construction contract executed between third-party plaintiffs and third-party defendant on February 27, 2002 for the rehabilitation and reconstruction of the new facilities for the Federation of Mayors of Puerto Rico. According to the provisions of the contract, third-party plaintiffs had to perform the work for $1,100,408.85 in 180 days, beginning on April 23, 2002. The general conditions of the contract provide that the proceeding to entertain and resolve the controversies, and disputes between the owner and the contractor would be according to a mechanism of alternative dispute resolutions.

On November 28, 1997, third-party plaintiffs Díaz Construction, Díaz and Sánchez entered into a Master Surety Agreement with plaintiff which contains a clause to hold harmless, indemnify, and keep indemnified the plaintiff against any claims or demands, losses and expenses in which plaintiff may incur be reason of

CIVIL 05-1851 (PG)                                  2

plaintiff having executed, provided or procured bonds on behalf of Díaz Construction. The Master Surety Agreement does not incorporate the construction contract. Plaintiff argues that it never agreed to submit any dispute arising from the Master Surety Agreement to arbitration.

This matter is before the court on motion for provisional remedy to secure the satisfaction of judgment under Rule 64, Puerto Rico Rules of Civil Procedure, filed by third-party plaintiffs on December 14, 2005 (Docket No. 26), and March 13, 2006. (Docket No. 35.) The request for provisional remedy was opposed on March 20, 2006 (Docket No. 38), and set for hearing to be held today. Having met with counsel for the third-party plaintiffs and third-party defendant in chambers, and having reviewed the pleadings, I recommend that the motions for provision remedy to secure satisfaction of judgment and the third-party action be stayed pending the outcome of Commonwealth court-annexed arbitration as ordered by Superior Court, San Juan Part, in a case which contains the same parties and the same causes of action as are present before the court in the third-party action.

On January 17, 2006, Federación de Alcaldes moved to stay the proceedings, but especially the third-party complaint until the alternative dispute resolution ordered by the state court in KAC 2004-3484, is concluded. The allegations of the third-party complaint against Federación are similar to those included by the third-party plaintiff in this case. That court ordered that the controversy be submitted to ADR or arbitration as established in the general conditions of the construction contract executed by the parties. The provisions of the contract provide for the present third-party controversy to be considered according to the proceedings established by the Construction Industry Arbitration Rules of the American Arbitration Association.

CIVIL 05-1851 (PG)						3

The Puerto Rico Commercial Arbitration Statute provides that:

> Two(2) or more parties . . . may include in a written agreement a provision for the settlement by arbitration of any dispute which may in future arise between them from such settlement or in connection therewith. Such an agreement shall be valid, requirable and irrevocable except for the grounds prescribed by law for the reversal of an agreement.

P.R. Laws Ann. tit. 32, § 3201 (1999). The Supreme Court of Puerto Rico has repeatedly expressed that in Puerto Rico there is a strong public policy in favor of arbitration as an alternative method for the resolution of disputes. Medina-Betancourt v. La Cruz Azul de Puerto Rico, 2001 TSPR 163 (November 30, 2001). A presumption of arbitrability exists when there is an arbitration clause present in a contract. World Films, Inc. v. Paramount Pictures Corp., 125 D.P.R. 352, 361-62 (1990). Thus when two parties have a contract in which they agree that they will arbitrate disputes arising out of said agreement, courts should, as a general rule, order that the matter be resolved through arbitration. Medina-Betancourt v. La Cruz Azul de Puerto Rico, 2001 TSPR 163 (November 30, 2001). The principles that underlie the above analysis are in substantial part rooted in the pronouncements of the United States Supreme Court that "arbitration is a matter of contract." AT&T Tech., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 648 (1986). As a necessary corollary of this principle is the idea that "when the parties have provided that a particular dispute should be settled in arbitration, rather than in litigation, a court may not override the agreement by itself deciding such a dispute." Bird Constr. Corp. v. Autoridad de Energía Eléctrica, 2000 TSPR 189 (December 20, 2000) (my translation).

CIVIL 05-1851 (PG)                                      4

The construction contract involved in this case clearly contains an arbitration clause which relates to the third-party action, and the claim should so be resolved in arbitration as agreed by the parties in the third-party action. Plaintiff does not object to a stay of the third-party action since the arbitration clause does not affect the Master Surety Agreement. This recommendation is also based upon the desire to preserve judicial resources, as well as to avoid duplicate effort, with a desire to provide a just, economical resolution to, at very least, the third-party action. Therefore, I recommend that the third-party action be stayed pending the outcome of arbitration proceedings.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 29th day of March, 2006.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge