**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>CESAR I. DIAZ MATOS, ET AL.,<br><br>    Defendant/Third Party Plaintiffs<br><br><br>FEDERACION DE ALCALDES DE PUERTO RICO, INC., ET AL.,<br><br><br>    Third-Party Defendants | Civ. No. 05-1851 (PG) |

**ORDER**

Before the Court is Third-Party Defendant La Federacion de Alcaldes de Puerto Rico Inc.'s Motion to Stay proceedings pending arbitration and/or Motion to Dismiss. (Docket No. 29.) Also before the Court is Chief Magistrate Judge Justo Arenas' Report and Recommendation (Docket No. 36) regarding Defendant/Third Party Plaintiffs' motions for provisional remedy to secure satisfaction of judgment (Docket Nos. 26 & 35.) For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Third-Party Defendants' motion to stay and ADOPTS IN PART the Magistrate Judge's recommendation.

**BACKGROUND**

This case concerns performance under a construction contract executed on February 27, 2002 between Third-Party Defendants Federacion de Alcaldes de Puerto Rico Inc. (hereinafter "La Federacion") and Defendant/Third Party Plaintiffs Cesar I. Diaz Matos, Cesar Diaz interior Construction, and Maritere Sanchez-Cruz (hereinafter referred to as "the Diaz defendants"). The construction contract was executed for the rehabilitation and reconstruction of La Federacion's new facilities. Pursuant to the contract, the Diaz defendants had to perform the work for $1,100,408.85 in 180 days, beginning on April 23, 2002. The general conditions of the contract provided that the proceeding to entertain and resolve the controversies and disputes between the owner and the contractor would be according to a mechanism of alternative dispute resolution.

Civ. No. 05-1851 (PG)                                                    Page 2

On November 28, 1997, the Diaz defendants entered into a Master Surety Agreement with plaintiff United States Fidelity and Guaranty Company (hereinafter "USF&G"). The Master Surety Agreement contains a clause to hold harmless, indemnify, and keep indemnified USF&G against any claims or demands, losses and expenses in which the latter may incur by reason of having to execute, provide or procure bonds on behalf of the Diaz defendants. The Master Surety Agreement does not incorporate the construction contract. USF&G argues that it never agreed to submit any dispute arising from the Master Surety Agreement to arbitration.

On August 9, 2005, USF&G filed suit against the Diaz defendants alleging that they had breached the Master Surety Agreement. On November 4, 2005, the Diaz defendants filed a Counterclaim against USF&G and a Third-Party Complaint against La Federation. The Diaz defendants then filed two motions asking the Court to schedule a hearing pursuant to Federal Rule of Civil Procedure 64 to secure satisfaction of judgment against La Federacion. (Docket Nos. 26 & 35.)

Thereafter, La Federacion moved to stay the proceedings, but especially the third-party complaint until the alternative dispute resolution ordered by the state court in KAC 2004-3484, is concluded. (Docket No. 29.) The state court ordered that the controversy between La Federacion and the Diaz defendants be submitted to Alternative Dispute Resolution or arbitration as established in the general conditions of the construction contract executed by the Diaz defendants and La Federacion. The provisions of the contract provide for those claims, which are similar to the ones pending in the present third-party action, to be considered according to the proceedings established by the Construction Industry Arbitration Rules of the American Arbitration Association. (See Docket No. 29, Exhibit 2 at p.6.)

The Diaz defendants' motions for provisional remedy (Docket Nos. 26 & 35) were referred to Chief Magistrate Judge Justo Arenas. (Docket No. 36.) The Magistrate Judge scheduled an evidentiary hearing but instead held a conference in chambers with the Diaz defendants and La Federacion. Thereafter, he issued the pending Report and Recommendation("R&R").

## DISCUSSION

The Magistrate Judge recommends that the motions for provisional remedy

Civ. No. 05-1851 (PG)                                                    Page 3

to secure satisfaction of judgment and the third-party action be stayed pending the outcome of Commonwealth court-annexed arbitration as ordered by the Superior Court, San Juan Part, in a case which contains the same parties and the same causes of action as the ones before the court in the third-party action. The Magistrate Judge considered Puerto Rico's strong public policy in favor of arbitration as an alternative method for the resolution of disputes and the terms of the construction contract between third party plaintiffs and defendants. See Quinones Gonzalez v. Asociacion de Condomines Playa Azul II, No. CC-2001-421, ___ D.P.R.____, 2004 WL 956530, *2 (P.R.,2004); Medina-Betancourt v. La Cruz Azul de Puerto Rico, 155 D.P.R. 735 (2001); P.R. Laws Ann. tit. 32, § 3201 (2005)[1] . Because the construction contract entered into by the parties to the third party action clearly contains an arbitration clause[2] that directly relates to the third-party action, the Magistrate Judge determined that the claims should be resolved in arbitration. He noted that USF&G does not object to a stay of the third-party action inasmuch as the arbitration clause does not affect or apply to the Master Surety Agreement. Finally, the Magistrate Judge concluded that the need to preserve judicial resources and avoid duplicate efforts, as well as the desire to provide a just and economical resolution to the third-party action weighed heavily in favor of staying the third party action pending the outcome of arbitration proceedings.

In their objection, the Diaz defendants raise arguments that were not before the Magistrate Judge. They now argue that the entire case should be dismissed or stayed pending arbitration because any relief USF&G might be

---

[1] The Puerto Rico Commercial Arbitration statute Act states in pertinent part:

> Two(2) or more parties . . . may include in a written agreement a provision for the settlement by arbitration of any dispute which may in future arise between them from such settlement or in connection therewith. Such an agreement shall be valid, requirable and irrevocable except for the grounds prescribed by law for the reversal of an agreement.

P.R. Laws Ann. tit. 32, § 3201(2005).

[2] See Docket No. 29, Exhibit 2 at p.6.

Civ. No. 05-1851 (PG)                                                  Page 4

entitled to depends on the outcome of the third-party action.

USF&G was not a party to the meeting in chambers before the Magistrate Judge. Indeed, the motions that were referred to the Magistrate Judge had nothing to with USF&G's claims and regarded matters relevant only to the third-party action. Seeing that the Diaz defendants had stepped outside the scope of the issues raised in their original motions, USF&G filed an informative motion stating its position as to the Diaz defendants' objection.

USF&G claims that the Diaz defendants disingenuously advise the Court that it had been ordered to arbitrate in the state action its indemnity claim against the Diaz defendants when, in fact, the state court only ordered that the claims arising from the construction contract between the Diaz defendants and La Federacion be the subject of arbitration. Furthermore, USF&G argues that the Diaz defendants incorrectly claim that La Federacion is an indispensable party to its indemnity action against the Diaz defendant when La Federacion is not a necessary party to the indemnity claim given that it is not a party to the Master Surety Agreement. What is more, USF&G argues that the Diaz defendants incorrectly characterize the indemnity action as a "compulsory claim" in the state action between the Diaz defendants and La Federacion despite the fact that USF&G is not a party to the construction contract, the Master Surety Agreement contains no references whatsoever to that contract, and La Federacion has no interest in said Agreement.

More importantly, USF&G takes issue with the fact that the Diaz defendants move to dismiss or stay the entire case when they did not move for such a sanction before and knowing that the issue was not before the Magistrate Judge. USF&G reiterates that it was not present at the hearing before the Magistrate Judge and that it was never advised that the issue would be discussed then and there. Accordingly, USF&G requests that if the Court were to step outside the scope of what was referred to the Magistrate Judge and consider the newly-raised matters in the Diaz defendants' objection, it be afforded an opportunity to fully brief the issues and be heard.

The Court has carefully reviewed the record and finds, upon a *de novo* review of the R&R, that there is no reason to depart from the Magistrate Judge's conclusion to stay the third-party action.

Civ. No. 05-1851 (PG)                                                    Page 5

The Magistrate Judge considered the record and the issues before it which regarded **ONLY** the third-party action. He determined that the law and the interests of justice require that the third-party action be stayed. The Magistrate Judge clarified that USF&G did not object to a stay of the third-party action because **the arbitration clause does not affect the Master Surety Agreement**. Indeed, USF&G had nothing to do with the issues raised in the Diaz defendants' motions for provisional remedy or the outcome of the third party action. Therefore, it had no reason to oppose the stay because its action, based on the Master Surety Agreement, is independent of the third party claim based on the construction contract. A careful reading of the state court's order (Docket No. 42) shows that the claims in arbitration are the ones raised in the third-party action and do not regard USF&G's indemnity suit against the Diaz defendants pursuant to the Master Surety Agreement.

It appears that the Diaz defendants were not expecting the Magistrate Judge's recommendation and have tried to make a last minute attempt to "bring through the back door" a motion to dismiss or stay the entire case. They proffer arguments that were never before the Magistrate Judge's consideration and totally outside the scope of their motions for provisional remedy. Having read their objections, we find they do not move the Court to depart from the Magistrate Judge's recommendation to stay the third-party action.

## CONCLUSION

Wherefore, for the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Third-Party Defendant La Federacion de Alcaldes de Puerto Rico Inc.'s Motion to Stay proceedings pending arbitration and/or Motion to Dismiss. **(Docket No. 29.) The motion is granted as to the request to stay the third-party action, and is denied as to the requests for dismissal and to stay the entire case**.

With regards to the motions for provisional remedy, the pending state arbitration proceedings might take a considerable amount of time to reach a final conclusion. Furthermore, the outcome of the arbitration proceedings could substantially alter the course of the third-party litigation before this Court. It serves no meaningful purpose, other that to clutter for months or even years the Court's pending motions report, keeping those motions pending

Civ. No. 05-1851 (PG)                                                    Page 6

the outcome of what might be a lengthy arbitration proceeding. Therefore, the Court **DENIES WITHOUT PREJUDICE** Defendant/Third Party Plaintiffs' Motions for Provisional Remedy to Secure Satisfaction of Judgment Under Rule 64 **(Docket Nos. 26 & 35.)** Once the arbitration proceedings conclude, and the third-party claim is reactivated, Defendant/Third Party Plaintiffs may move for any and all remedies, including provisional remedies under Fed.R.Civ.P.64, that they deem proper. Accordingly the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation. It is adopted as to the recommendation to stay the third-party action but not as to the recommendation to stay the resolution of the pending motions.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 17, 2006.

                                                S/JUAN M. PEREZ-GIMENEZ
                                                U. S. DISTRICT JUDGE